**BRIDGET KENNEDY**
California State Bar No. 253416
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone (619) 234-8467
Facsimile (619) 687-2666
Bridget_Kennedy@fd.org

Attorneys for ALFREDO CHAVARRIA-SAUCEDO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY TED MOSKOWITZ )**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.08CR2259-BTM |
| | ) |
| Plaintiff, | ) DATE: August 15, 2008 |
| | ) TIME: 1:30 p.m. |
| v. | ) |
| | ) NOTICE OF MOTIONS AND MOTIONS TO: |
| ALFREDO CHAVARRIA-SAUCEDO, | ) (1)     COMPEL DISCOVERY AND PRESERVE |
| | )         EVIDENCE; and |
| Defendant. | ) (2)     GRANT LEAVE TO FILE FURTHER |
| | )         MOTIONS |
| | ) |
| _____ | ) |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
       CALEB MASON, ASSISTANT UNITED STATES ATTORNEY:

       PLEASE TAKE NOTICE that on August 15, 2008 at 1:30 p.m. or as soon thereafter as counsel may

be heard, defendant, ALFREDO CHAVARRIA-SAUCEDO, by and through his attorneys,

BRIDGET KENNEDY, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order

granting the following motions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

<u>**MOTIONS**</u>

2       Defendant, ALFREDO CHAVARRIA-SAUCEDO, by and through counsel, BRIDGET KENNEDY,

3  and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the

4  Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order

5  to:

6       (1) Compel Discovery and Preserve Evidence;
        (2) Grant Leave to File Further Motions

7

8       This motion is based upon the instant motion and notice of motion, the attached statement of facts

9  and memorandum of points and authorities, the files and records in the above-captioned matter, and any and

10  all other materials that may come to this Court's attention prior to or during the hearing of these motions.

11                       Respectfully submitted,

12
                       *s/ Bridget Kennedy*
Dated:  August 6, 2008           **BRIDGET KENNEDY**

13                       Federal Defenders of San Diego, Inc.
                       Bridget_Kennedy@fd.org

14                       Attorneys for Mr. Chavarria-Saucedo

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CR2259-BTM

**BRIDGET KENNEDY**
California State Bar No. 253416
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone (619) 234-8467
Facsimile (619) 687-2666
Bridget_Kennedy@fd.org

Attorneys for ALFREDO CHAVARRIA-SAUCEDO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY TED MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 08CR2259-BTM |
| | ) DATE: August 15, 2008 |
| Plaintiff, | ) TIME: 1:30 p.m. |
| | ) |
| v. | ) STATEMENT OF FACTS AND MEMORANDUM |
| | ) OF POINTS AND AUTHORITIES IN SUPPORT |
| ALFREDO CHAVARRIA-SAUCEDO, | ) OF MOTIONS OF ALFREDO CHAVARRIA- |
| | ) SAUCEDO |
| Defendant. | ) |
| | ) |

**I.**

**STATEMENT OF FACTS**[1]

The government asserts that Mr. Chavarria-Saucedo is an alien who was found in the United States on June 13, 2008, after having been excluded, deported or removed from the United States, in violation of 18 U.S.C. § 1326.

/ / /

/ / /

/ / /

---

1    The following statement of facts and any facts further cited in this motion are based on the government's 18 U.S.C. §1326 complaint against Mr. Chavarria-Saucedo. Mr. Chavarria-Saucedo in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, he reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

## II.

### THIS COURT SHOULD COMPEL DISCOVERY AND ORDER THE PRESERVATION OF THE EVIDENCE

At the time of this filing, the government has provided Mr. Chavarria-Saucedo with limited discovery -- in total 58 pages of discovery.

Mr. Chavarria-Saucedo moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items of which the prosecutor knows, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1.   The Defendant's Statements.  The Government must disclose to Mr. Chavarria-Saucedo all copies of any written or recorded statements made by the defendant; the substance of any statements (even if not written or recorded) made by him which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; and any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).  The Advisory Committee Notes and the 1991 amendments to Rule 16.

2.   Arrest Reports, Notes and Dispatch Tapes.  The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes and TECS records that relate to the circumstances surrounding his arrest or any questioning be turned over to him.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

08CR2259-BTM

3.  <u>Brady Material</u>.  Mr. Chavarria-Saucedo requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4.  <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>.  The government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

5.  <u>The Defendant's Prior Record</u>.  Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Counsel specifically requests a complete copy of any criminal record.

6.  <u>Any Proposed 404(b) Evidence</u>.  To the extent that there is any such evidence, the government must produce evidence of prior similar acts under Fed. R. Crim. P. 404(b) and "shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Crim. P. 404(b) at trial.  <u>See</u> <u>United States v. Vega</u>, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999). Mr. Chavarria-Saucedo requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

7.  <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8.  <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, individuals, the results of any fingerprint analysis, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant or any third party.  It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

9.  <u>Henthorn Material</u>. Mr. Chavarria-Saucedo requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case, and produce to him any exculpatory information and

08CR2259-BTM

3

1   impeachment material at least two weeks prior to trial and one week prior to the motion hearing. See

2   Kyles v. Whitley, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to

3   learn of any favorable evidence known to the others acting on the government's behalf in the case,

4   including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); see also United States

5   v. Jennings, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct

6   examination of records; appropriate government agency may review files and notify AUSA of

7   contents as long as AUSA makes the determination regarding material to be disclosed);

8   United States v. Herring, 83 F.3d 1120 (9th Cir. 1996) (accord). In addition, the defendant requests

9   that if the government is uncertain whether certain information is to be turned over pursuant to this

10  request, that it produce such information to the Court in advance of the trial and the motion hearing

11  for an in camera inspection.

12  10.   Tangible Objects. Mr. Chavarria-Saucedo requests the opportunity to inspect, copy, and test, as

13  necessary, all other documents and tangible objects, including photographs, books, papers,

14  documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are

15  material to the defense or intended for use in the government's case-in-chief or were obtained from

16  or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Chavarria-Saucedo

17  requests copies of his immigration file as well as any recordings of his alleged prior removal.

18  11.   Expert Witnesses. Mr. Chavarria-Saucedo requests the name, qualifications, and a written summary

19  of the testimony of any person that the government intends to call as an expert witness during its case

20  in chief. Fed. R. Crim. P. 16(a)(1)(G). Defendant requests the notice of expert testimony be provided

21  at a minimum of two weeks prior to trial so that the defense can properly prepare to address and

22  respond to this testimony, including obtaining its own expert and/or investigating the opinions,

23  credentials of the government's expert and a hearing in advance of trial to determine the

24  admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137,

25  119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and

26  relevancy of expert testimony and such determinations may require "special briefing or other

27  proceedings").

28  ///

4

08CR2259-BTM

12.  <u>Impeachment Evidence</u>.   Mr. Chavarria-Saucedo requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>United States v. Strifler</u>, 851 F.2d 1197, 1201-1202 (9th Cir. 1988); <u>Thomas v. United States</u>, 343 F.2d 49, 53-54 (9th Cir. 1965).

13.  <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Chavarria-Saucedo requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

14.  <u>Evidence of Bias or Motive to Lie</u>. Mr. Chavarria-Saucedo requests any evidence that any prospective government witness is biased or prejudiced against him, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 57-58 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

15.  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

16.  <u>Witness Addresses</u>. Mr. Chavarria-Saucedo requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense counsel has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

17.  <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Chavarria-Saucedo requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify his or who was unsure of his identity, or participation in the crime charged.

/ / /

/ / /

08CR2259-BTM

18. <u>Statements Relevant to the Defense</u>. Mr. Chavarria-Saucedo requests disclosure of any statement relevant to any possible defense or contention that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9<sub>th</sub> Cir.1982). This includes recordings of any alleged deportation proceedings..

19. <u>Jencks Act Material</u>. Mr. Chavarria-Saucedo requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at trial to allow the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. <u>See also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-808 (9<sub>th</sub> Cir. 1999). Mr. Chavarria-Saucedo requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross examination.

20. <u>Giglio Information & Agreements Between the Government and Witnesses</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. Chavarria-Saucedo requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

21. <u>Agreements Between the Government and Witnesses</u>. Mr. Chavarria-Saucedo requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

22. <u>Informants and Cooperating Witnesses</u>. Mr. Chavarria-Saucedo requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in

08CR2259-BTM

the crime charged against Mr. Chavarria-Saucedo. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

23.   <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Chavarria-Saucedo requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

24.   <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Chavarria-Saucedo requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. <u>See Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25.   <u>Training of Relevant Law Enforcement Officers</u>. Mr. Chavarria-Saucedo requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, DHS, Imperial Beach Sheriff's Department, etc.) to their employees regarding: (1) the informing of suspects of their Constitutional rights; (2) the questioning of suspects and witnesses.

26.   <u>Residual Request</u>. Mr. Chavarria-Saucedo intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. The defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross examination.

///

///

///

7

08CR2259-BTM

### III.

### <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>

To date, Mr. Chavarria-Saucedo and defense counsel have received 58 pages of discovery from the government. It is anticipated that as new information comes to light, the defense will likely find it necessary to file further motions. Mr. Chavarria-Saucedo requests a further opportunity to file further motions based upon information gained through the discovery process.

### IV.

### <u>CONCLUSION</u>

For the foregoing reasons, Mr. Chavarria-Saucedo respectfully requests that this Court grant these motions.

Respectfully submitted,

/s/ Bridget Kennedy
Dated: August 6, 2008                **BRIDGET KENNEDY**
                                     Federal Defenders of San Diego, Inc.
                                     Bridget_Kennedy@fd.org
                                     Attorneys for Mr. Chavarria-Saucedo

08CR2259-BTM

1  **BRIDGET L. KENNEDY**
   California State Bar No. 253416
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: bridget_kennedy@fd.org

5  Attorneys for Alfredo Chavarria-Saucedo

6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10                 **(HONORABLE BARRY T. MOSKOWITZ)**

11 UNITED STATES OF AMERICA,        )    Case No. 08CR2259-BTM
                                     )
12            Plaintiff,             )
                                     )
13 v.                               )    **CERTIFICATE OF SERVICE**
                                     )
14 ALFREDO CHAVARRIA-SAUCEDO,        )
                                     )
15            Defendant.             )
   _____ )

16

17        Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her

18 information and belief, and that a copy of the foregoing document has been served this day upon:

19                        Jeffrey David Moore
          Jeffrey.Moore@usdoj.gov,debra.huntley@usdoj.gov,efile.dkt.gc1@usdoj.gov
20

21                              Respectfully submitted,

22

23 DATED:      August 6, 2008          /s/ Bridget L. Kennedy
                                       _____
                                       **BRIDGET L. KENNEDY**
24                                     Federal Defenders of San Diego, Inc.
                                       Attorneys for Alfredo Chavarria-Saucedo
25

26

27

28