KAREN P. HEWITT
United States Attorney
JEFFREY D. MOORE
Assistant United States Attorney
California State Bar No. 240595
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7171
Email: Jeffrey.Moore@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case 08cr2259 BTM |
| Plaintiff, | Honorable Barry Ted Moskowitz |
| v. | Courtroom: 15<br>Date: August 15, 2008<br>Time: 1:30 p.m. |
| ALFREDO CHAVARRIA-SAUCEDO, | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| Defendant. | |
| | **1) COMPEL DISCOVERY;**<br>**2) PRESERVE EVIDENCE; AND**<br>**3) GRANT LEAVE TO FILE FURTHER MOTIONS.** |
| | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES; AND THE UNITED STATES' MOTIONS FOR:**<br>**(1) RECIPROCAL DISCOVERY; AND**<br>**(2) FINGERPRINT EXEMPLARS** |

        COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, Jeffrey D. Moore, Assistant United States Attorney, and hereby files the attached memorandum of points and authorities in Response and Opposition to Defendant's

above-referenced motions and files its Motion for Reciprocal Discovery and Fingerprint Exemplars. This response is based upon the files and records of this case.

## I

## **STATEMENT OF THE CASE**

On July 10, 2008, Alfredo Chavarria-Saucedo ("defendant") was arraigned on a one count Indictment charging him with being a Deported Alien Found in the United States, in violation of Title 8 U.S.C. § 1326(a) and (b). On July 10, 2008, defendant entered a not guilty plea to the Indictment. A Motion Hearing/Trial Setting date was then set for August 15, 2008.

## II

## **STATEMENT OF FACTS**

On or about June 13, 2008, Border Patrol Agents Balkas and Greene were assigned to the U.S. Border Patrol Checkpoint on S-2 Highway.[1] This area is located about 29 miles west of the Calexico, California Port of Entry. Around 10:30 am, a silver Ford F-150 pick up truck approached the checkpoint. The truck came to a stop and Agent Balkas told the five occupants that he was going to conduct an immigration check. The driver of the truck claimed to be a U.S. citizen and said he was headed to Pico Rivera. At this time the passengers of the truck appeared nervous, as they were looking at the floor or staring straight ahead. Agent Greene then began to question the passengers as to their citizenship, to which they did not answer at first. As a result, the driver was told to park in secondary and once there, Agent Greene ordered the passengers out of the truck. Agent Greene then started to question the passengers, one of which was defendant. When questioned, defendant stated that he was a Mexican citizen without any immigration documents. Defendant was then placed under arrest.

Once at the station, a records check was run on defendant. The records check revealed defendant's criminal record as well as his immigration history. At 5:33 pm, defendant was Mirandized. Defendant then invoked his right to remain silent.

//

---

[1]  Statement of Facts taken from the investigative reports relating to the instant case.

**III**

**POINTS AND AUTHORITIES**

**A.     DEFENDANT'S MOTION TO COMPEL DISCOVERY**

To date, the Government has produced 44 pages of discovery to defendant. This discovery includes the reports of the arresting agents and defendant's criminal history rap sheets. In addition,1 audio CD has been discovered to defendant.

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward. To date, the Government has received no reciprocal discovery.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

The United States has provided information within its possession or control pertaining to the prior criminal history of defendant. If the Government intends to offer any evidence under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to defendant. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

In sum, the Government has already produced charging documents, investigative reports, an audio CD, prior deportation and conviction documents, and defendant's criminal history rap sheets. To the extent defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**B.     MOTION TO PRESERVE EVIDENCE**

The Government has made every effort to preserve evidence it deems to be relevant and material to this case. Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the defendant. See Illinois v. Fisher, 540 U.S.1174, 124 S.Ct. 1200 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**C.     DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

**IV**

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED.**

**A.     All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of defendant and which defendant intends to introduce as evidence in her case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

//

//

**B.      Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**V**

**THE GOVERNMENT'S MOTION FOR<br>FINGERPRINT EXEMPLARS SHOULD BE GRANTED.**

Part of the United States' burden of proof in this case is to satisfy the jury that Defendant was an alien, previously deported, and without permission to reenter the United States. To make that showing, the United States may call an expert in fingerprint identification to match Defendant's fingerprints to relevant evidence. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

A defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate a defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). The United States therefore requests that this Court order that defendant make himself available for fingerprinting by the United States.

//
//
//
//
//

## VI.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that defendant's motions be denied except where not opposed, and that the Court grand the United States' motions for reciprocal discovery and for fingerprint exemplars.

DATED: August 8, 2008.

                                            Respectfully Submitted,

                                            KAREN P. HEWITT
                                            United States Attorney

                                            S/ Jeff Moore
                                            JEFFREY D. MOORE
                                            Assistant United States Attorney
                                            Attorneys for Plaintiff
                                            United States of America
                                            Email: Jeffrey.Moore@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08cr2259 BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| ALFREDO CHAVARRIA-SAUCEDO, | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

   I, JEFFREY D. MOORE, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action.  I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**
**1)   COMPEL DISCOVERY AND PRESERVE EVIDENCE; AND**
**2)   GRANT LEAVE TO FILE FURTHER MOTIONS; ALONG WITH**
**the United States' Motions for Reciprocal Discovery and for Fingerprint Exemplars.**
on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   Bridget Kennedy

   I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

   **None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2008            s/ Jeff Moore
                                                         JEFFREY D. MOORE